# EPHRAIM SAVITT
*Attorney at Law*

260 MADISON AVENUE
SUITE 2200
NEW YORK, NEW YORK 10016

(212) 679-4470
FAX: (212) 679-6670
EPHRAIM@SAVITTESQ.COM

October 27, 2010

BY ECF AND FAX
Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Guillermo Valencia Zuluaga
> 07 CR 653 (SLT)

Dear Judge Townes:

I know it's late in the day, but the government's response only came in on Monday evening. Ever since the Supreme Court in Kimbrough and Gall, and the Second Circuit in United States v. Cavera, 550 F3d 180 (2d CR 2008), it has been abundantly clear that the sentencing court's broad discretion in fashioning a non-guidelines sentence on the basis of the sentencing factors in 18 U.S.C. §3553 (a) is to be reviewed under an "abuse of discretion" standard, and cases such as United States v. Rettoballi, on which the government relies in its argument, have been effectively overruled insofar as they suggest that there are residual guidelines limitations on the court's ability to fashion an appropriate sentence that takes into account personal factors, such as family obligations, that may not be "unique" to the defendant being sentenced. That is a long way of saying that the government, which always seems to favor a sentence that deviates little or not at all from the guidelines calculus, is a couple of years behind the developments in the case law which has further eviscerated a slavish adherence to the now-advisory Guidelines.

*Honorable Sandra L. Townese*
*October 27, 2010*
*Page 2*

The facts that make Zuluaga's case different from the "heartland" money laundering cases are manifest. As the government concedes, he was "one of the first defendants" to self-surrender. He also waved extradition and faced prosecution in what for him is a foreign country, despite the fact that he could have far more conveniently stayed home in Colombia. That is quite "unique" despite the government's attempt to trivialize this essential mitigating factor. By facing up to responsibility, without the real threat of coerced appearance to meet the accusations against him, and accepting incarceration in a strange land while the case is pending, Zuluaga merits considerably more than merely a "modest" adjustment below the 9 ½ year guidelines sentence that the government urges.

As for Zuluaga's efforts to cooperate, several factors are overlooked in the government's letter. The first is that he was represented by counsel at his first proffer session who also represented co-defendants who were proffering to the government, and who ultimately signed cooperation agreements because they had far more to offer as cooperators. Zuluaga was represented at the initial proffer session by attorneys who later were forced to withdraw because they were clearly conflicted. That circumstance is hardly a fair situation, especially given his considerably more limited role than their other clients and, consequently, his markedly reduced value as a marketable cooperator. That disadvantage is not outweighed by the government's claim that Zuluaga minimized his role at that proffer session; instead, it explains <u>why</u> he would have not been fully prepared to come entirely clean, as he did at the second proffer session after my appointment as his counsel.

*Honorable Sandra L. Townes*
*October 27, 2010*
*Page 3*

The government commendably gave Zuluaga that second chance to proffer. But the opportunity came after many requests and many months went by. When it came, the government had already signed up a number of more significant violators in this case who, therefore, had much more to sell as cooperators. No wonder Zuluaga's renewed attempt to cooperate was declined. But the government's declination was not the result of Zuluaga's dissembling or minimization. The government has never claimed that at all. In fact, I was advised that Zuluaga's second proffer was considered entirely truthful. Instead, the actual reason for the declination was that Zuluaga's cooperation was not needed by that time. As such, the government's claim that Zuluaga "squandered" his opportunity to cooperate is hardly a fair assertion.

The government is correct that the fact that Zuluaga was "misled" by certain attorneys into believing that he would be able to cooperate may not be a guidelines-based ameliorating factor. But it is a real factor for the Court to consider, especially as it relates to his motive to turn himself in and to make amends for his prior misconduct, even if that meant spending time in a foreign jail and cooperating with a foreign government while he was separated from his family and children in a jail thousands of miles from his home.

Finally, it is mystifying why the government insists that the PSR's allegations that Zuluaga had a "managerial" role in the real estate operations of the Norte Valle Cartel should not be stricken because he was not given a leadership enhancement in the guidelines calculus. To the contrary, the very fact that Zuluaga does not merit a managerial role adjustment betrays the inaccuracy of the PSR allegations that he was a manager.

*Honorable Sandra L. Townes*
*October 27, 2010*
*Page 4*

    For the reasons set forth in our October 13th sentencing submission, we respectfully ask the Court to impose a sentence that allows a subsidiary offender who voluntarily surrendered and attempted to cooperate to reunite with his loved ones in his country well before the advisory sentencing guidelines range.

    I thank Your Honor for your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt

cc:    AUSA Carolyn Pokorny
       Guillermo Valencia Zuluaga